551 F.2d 308
 20 Fair Empl.Prac.Cas. 1692,
13 Empl. Prac. Dec. P 11,422
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
A.C. Sherrill et al., Appellees
v.
J.P. Stevens and Company, Inc., Appellant.
 Docket No. 76-1064.
 United States Court of Appeals, Fourth Circuit.
 Jan. 24, 1977.
 
 Before CRAVEN and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 J.P. Stevens & Co., Inc., appeals an order of the district court implementing Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. and 42 U.S.C. Sec. 1981.* The court found that Stevens discriminated against black employees at its Stanley, North Carolina facilities with respect to job assignments, transfers, seniority, and promotion to supervisory positions. The court ordered relief for individual and class members by requiring the company to cease racially discriminating employment practices and to reinstate several employees. It directed the company to reform its seniority system, afford transfer and training opportunity to qualified employees, and post notices of job vacancies. The court also ordered Stevens to promote or hire black and white employees in equal numbers, subject to the availability of qualified persons, for supervisory, maintenance, and clerical positions, until the number of black employees constitutes approximately 15% of the employees in these positions. The court referred the case to a master for computation of back pay, and required the company to report semiannually for two years measures it is taking to comply with the decree.
 
 
 2
 The company complains that the district court's findings of fact dealing with the charges of discrimination against individual employees and warehousemen as a class are not supported by the evidence. This defect, it argues, fatally affects the court's conclusion that the company has violated the provisions of Title VII.
 
 
 3
 Some of the evidence and the inferences that could be drawn from it were in conflict, particularly with respect to several of the individual employees. Nevertheless, the district court's findings of fact are sustained by the record, and there is no basis for setting them aside as clearly erroneous. In its application of the law to the facts, the court committed no error. Cf. Patterson v. American Tobacco Co., 535 F.2d 257 (4th Cir.1976); Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir.1971). The judgment is affirmed.
 
 
 4
 FIELD, Sr. C.J., dissenting.
 
 
 5
 Based upon findings of fact which in several respects had tenuous evidentiary support, the district court entered a broad remedial decree in this case which required, among other things, the adoption of preferential hiring quotas. In my opinion such a requirement is at variance with Section 703(j) of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(j) and, accordingly, I respectfully dissent.
 
 
 
 *
 A.C. Sherrill v. J.P. Stevens & Co., Inc., 410 F.Supp. 770 (W.D.N.C.1975)